IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT
2020 JUN 23 PM 5:45
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No.: 2:20-CR-95 |
| v. | JUDGE: MORRISON |
| LARRY DEAN PORTER<br>    aka "Dean" | 18 U.S.C § 2<br>18 U.S.C. § 1001<br>18 U.S.C. §§ 1512(b)(3) & (k) |
| WILLIAM DAVID COLE<br>    aka "Dave"<br>FRANK E. ANDREWS<br>CRYSTAL D. PORTER<br>DENNA S. PORTER<br>ERROLL WAYNE PORTER, SR.<br>    aka "Wayne"<br>CHARITY A. RAWLINS<br>RONNIE L. RAWLINS<br>JOSHUA D. ALDRIDGE | 18 U.S.C. §§ 1591(a), (b) & (d)<br>18 U.S.C. §§ 1594(a), (c) & (e)<br>18 U.S.C. § 2232(a)<br>18 U.S.C. §§ 2251(a) & (e)<br>18 U.S.C. § 2252(a)(4)(B)<br>18 U.S.C. § 2252A(a)(5)(B) |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

Introduction

At all times relevant to this Indictment:

The Co-Conspirators and Victims

1. **LARRY DEAN PORTER, aka "Dean,"** (hereinafter **DEAN PORTER**) is an adult male residing in Scioto County, within the Southern District of Ohio, who regularly utilized the Facebook usernames larry.porter.313924, larry.porter.39904181 and larry.porter.16.

2. **WILLIAM DAVID COLE, aka "Dave,"** (hereinafter **DAVE COLE**) is an adult male residing in Scioto County, Southern District of Ohio, who regularly utilized the Facebook username dave.cole.946954.

3. **FRANK E. ANDREWS** is an adult male residing in Scioto County, Southern District of Ohio, who regularly utilized the Facebook username frank.andrews.125323.

4. **DEAN PORTER, DAVE COLE** and **FRANK E. ANDREWS** were friends and associates, and **DAVE COLE** and **FRANK E. ANDREWS** regularly spent time at **DEAN PORTER**'s residence.

5. **CRYSTAL D. PORTER** (hereinafter "**CRYSTAL**") is an adult female residing in Columbus, Ohio, in the Southern District of Ohio, and is the eldest daughter of **DEAN PORTER**. **CRYSTAL** regularly utilized the Facebook username crystal.porteraldridge.

6. **DENNA S. PORTER** (hereinafter "**DENNA**") is an adult female residing in Scioto County, within the Southern District of Ohio, and is the youngest daughter of **DEAN PORTER**. **DENNA** regularly utilized the Facebook username denna.porter.

7. **ERROLL WAYNE PORTER, SR., aka "Wayne"** (hereinafter "**WAYNE**") is an adult male residing in Scioto County, within the Southern District of Ohio, and is the cousin of **DEAN PORTER**.

8. **JOSHUA D. ALDRIDGE** is an adult male residing in Scioto County, within the Southern District of Ohio. **JOSHUA D. ALDRIDGE** resided with Minor Victim 1 and Minor Victim 2. **JOSHUA D. ALDRIDGE** frequently visited the residence of **DEAN PORTER**, obtained illegal drugs from **DEAN PORTER** and regularly utilized the Facebook username joshua.aldridge.31.

9. **CHARITY A. RAWLINS** is an adult female residing in Scioto County, within the Southern District of Ohio. **CHARITY A. RAWLINS** is a relative of Minor Victim 3. **CHARITY A. RAWLINS** frequently visited the residence of **DEAN PORTER** and obtained

illegal drugs from **DEAN PORTER**. **CHARITY A. RAWLINS** utilized the Facebook username charity.rawlins.

10. **RONNIE L. RAWLINS** is an adult male residing in Scioto County, within the Southern District of Ohio. **RONNIE L. RAWLINS** is a relative of Minor Victim 3. **RONNIE L. RAWLINS** frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**. **RONNIE L. RAWLINS** has utilized the Facebook usernames Ronnie.rawlins.54 and Ronnie.rawlins.14.

11. K.M. is an adult female residing in Scioto County, within the Southern District of Ohio. K.M. is a relative of Minor Victim 1 and Minor Victim 2. K.M. frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**.

12. T.S. is an adult female residing in Scioto County, within the Southern District of Ohio. T.S. frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**.

13. Minor Victim 1 is a minor female born in 2008 who resided in Scioto County, within the Southern District of Ohio.

14. Minor Victim 2 is a minor female born in 2006 who resided in Scioto County, within the Southern District of Ohio.

15. Minor Victim 3 is a minor female born in 2006 who resided in Scioto County, within the Southern District of Ohio.

The Child Sex Trafficking Scheme

16. **DEAN PORTER** obtained marijuana and pain pills, including oxycodone, oxymorphone, xanax and morphine, from various sources unknown to the Grand Jury.

17. **DAVE COLE** sometimes assisted **DEAN PORTER** in obtaining the illegal drugs.

18. **DEAN PORTER** provided marijuana and pain pills to various individuals in Scioto County, including, K.M, T.S., **CHARITY A. RAWLINS, RONNIE L. RAWLINS, JOSHUA D. ALDRIDGE**, and other co-conspirators known and unknown to the Grand Jury.

19. **DEAN PORTER** would provide the above-described drugs to K.M, T.S., **CHARITY A. RAWLINS, RONNIE L. RAWLINS,** and **JOSHUA D. ALDRIDGE** in exchange for cash payment or for sexual acts by K.M., T.S., **CHARITY A. RAWLINS**, and other co-conspirators known and unknown to the Grand Jury. Such sexual acts were performed by K.M., T.S. and **CHARITY A. RAWLINS** on each other, on or by **DEAN PORTER**, and on Minor Victim 1, Minor Victim 2, and Minor Victim 3.

20. **DAVE COLE** and **FRANK E. ANDREWS** were frequently present at **DEAN PORTER'S** residence either during, immediately before, or immediately after K.M., T.S., **CHARITY A. RAWLINS,** Minor Victim 1, Minor Victim 2, and Minor Victim 3 visited **DEAN PORTER'S** residence for the purpose of exchanging sex acts for drugs. On at least one occasion, **DAVE COLE** and **FRANK E. ANDREWS** obtained sexual favors from K.M. and T.S. in exchange for the drugs provided by **DEAN PORTER** to K.M. and T.S.

21. **DEAN PORTER, DAVE COLE, JOSHUA D. ALDRIDGE, CHARITY A. RAWLINS** and T.S., on more than one occasion, transported K.M., T.S., Minor Victim 1, and Minor Victim 2 to or from **DEAN PORTER'S** residence for the purpose of exchanging sex acts for drugs.

22. **DEAN PORTER** and **RONNIE L. RAWLINS**, on more than one occasion, transported **CHARITY A. RAWLINS** and Minor Victim 3 to or from **DEAN PORTER's**

4

residence for the purpose of exchanging sex acts for drugs. **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** also transported K.M., Minor Victim 1 and Minor Victim 2 to and from **DEAN PORTER's** residence, with knowledge that Minor Victim 1 and Minor Victim 2 were being sexually abused by **DEAN PORTER**.

23. Utilizing the above-described Facebook accounts on his computer or cellular phone, **DEAN PORTER** regularly communicated with K.M. and **JOSHUA D. ALDRIDGE** regarding his supply of pain pills that he could provide to K.M. and **JOSHUA D. ALDRIDGE** and to make arrangements for K.M., Minor Victim 1, Minor Victim 2, and **JOSHUA D. ALDRIDGE** to visit **DEAN PORTER's** residence for the purpose of buying drugs or exchanging sex acts for drugs.

24. Utilizing the above-described Facebook accounts on his computer or cellular phone as well as landline and cellular phones, **DEAN PORTER** communicated with **CHARITY A. RAWLINS** to discuss his supply of pain pills that he could provide to **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** and to make arrangements for **CHARITY A. RAWLINS, RONNIE L. RAWLINS** and Minor Victim 3 to visit **DEAN PORTER'S** residence. During their visits to **DEAN PORTER'S** residence, **CHARITY A. RAWLINS** and Victim 3 engaged in sex acts with **DEAN PORTER**, and **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** obtained drugs from **DEAN PORTER**.

25. Utilizing the above-described Facebook accounts on his computer or cellular phone, **DEAN PORTER** regularly communicated with **DAVE COLE** and **FRANK E. ANDREWS** regarding his drug supply and regarding his interactions with Minor Victim 1, Minor Victim 2, and Minor Victim 3. In some of those communications, **DEAN PORTER**

5

made arrangements for **DAVE COLE** to assist in transporting K.M., Minor Victim 1, and/or Minor Victim 2 to **DEAN PORTER's** residence.

26. **DEAN PORTER** possessed various firearms that he utilized to intimidate K.M. T.S., Victim 1 and Victim 2, in order to prevent them from reporting his activities. **DEAN PORTER** further utilized threats of bodily harm or actual physical violence to coerce K.M. and T.S. to engage in sex acts with **DEAN PORTER, DAVE COLE,** and **FRANK E. ANDREWS** and to prevent K.M. and T.S. from reporting his activities to law enforcement.

27. In March of 2020, **DEAN PORTER** utilized the Facebook account larry.porter.313924 to communicate with a government source known to the Grand Jury regarding payment to the source in the amount of $80 in exchange for sexual access to a seven-year-old child. **DEAN PORTER** was subsequently arrested by Jackson County authorities as a result of his Facebook communications with the known government source.

The Cover Up

28. Subsequent to his arrest by Jackson County authorities, **DEAN PORTER**, while incarcerated at the Jackson County Jail, within the Southern District of Ohio, communicated via phone with **DENNA, CRYSTAL, WAYNE** and **FRANK E. ANDREWS**. The phone calls were recorded by Jackson County authorities pursuant to policies of the Jackson County Jail.

29. During the recorded conversations between **DEAN PORTER** and **WAYNE** and between **DEAN PORTER** and **DENNA**, they discussed a government source known to the Grand Jury and their belief that the source was working with law enforcement. **DEAN PORTER** directed **WAYNE** to cause bodily harm to the government source if necessary.

30. During the recorded conversations between **DEAN PORTER** and **FRANK E. ANDREWS, DEAN PORTER** directed **FRANK E. ANDREWS** to testify in a particular

6

manner regarding **DEAN PORTER's** Facebook conversations with the government source that occurred in March of 2020. **DEAN PORTER and FRANK E. ANDREWS** further discussed eight discs that were seized from his residence by law enforcement, which were later found to contain child pornography.

31. Also subsequent to the arrest of **DEAN PORTER, DENNA, CRYSTAL,** and **DAVE COLE** visited **DEAN PORTER** at the Jackson County Jail.

32. In the week subsequent to the arrest of **DEAN PORTER, DENNA, CRYSTAL, FRANK E. ANDREWS, DAVE COLE** and others known and unknown to the Grand Jury, visited the residence of **DEAN PORTER**. **DAVE COLE** possessed a key to **DEAN PORTER's** residence, and later provided a key to the residence to **DENNA**.

33. During their trips to **DEAN PORTER's** residence, **DENNA, CRYSTAL, FRANK E. ANDREWS** and **DAVE COLE** removed various items from the residence, including SD cards and other digital devices. On at least one occasion when they visited **DEAN PORTER's** residence, **CRYSTAL** and **DENNA** utilized shovels to dig in the yard surrounding **DEAN PORTER's** residence. They later claimed to law enforcement officers that they were digging in the yard because they believed that money was hidden there.

34. Throughout the month of March 2020, **CRYSTAL** and **DENNA** communicated with each other and with other associates of **DEAN PORTER** who are known to the Grand Jury, utilizing the Facebook accounts described above, about **DEAN PORTER's** arrest, persons believed to be responsible for that arrest, activity at **DEAN PORTER's** residence, items they took from **DEAN PORTER's** residence, items seized by law enforcement from **DEAN PORTER's** residence, and the content of all of those items.

7

35. During the time that he was being held at the Jackson County Jail, **DEAN PORTER** sent letters to **DENNA** and other persons known to the Grand Jury. In the letters to **DENNA**, **DEAN PORTER** requested that **DENNA** bleach down the beds in his residence and contact the government source with whom he arranged to purchase sex with a minor for $80, and offer the source $500 to convince law enforcement to drop the charges against him. In a letter to another individual known to the Grand Jury, **DEAN PORTER** requested that the known individual contact potential witnesses against him, and convince the potential witnesses not to testify against him.

## COUNT ONE
### (Child Sex Trafficking Conspiracy)

36. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

37. From in or about 2013, through and in or about March of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, aka "Dean," WILLIAM DAVID COLE, aka "Dave," FRANK E. ANDREWS, CHARITY A. RAWLINS, RONNIE L. RAWLINS, JOSHUA D. ALDRIDGE,** and other unnamed co-conspirators known and unknown to the Grand Jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to:

(A) knowingly entice, harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, persons under the age of 18 years, that is, Minor Victim 1, Minor Victim 2, and Minor Victim 3, individuals known to the Grand Jury, knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 would be caused to

8

        engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2); and

(B) knowingly benefit, financially and by receiving anything of value, from participation in a venture that has engaged in enticing, recruiting, harboring, transporting, providing, obtaining, and maintaining, by any means, in and affecting interstate commerce, persons under the age of 18 years, that is, Minor Victim 1, Minor Victim 2, and Minor Victim 3, individuals known to the Grand Jury, knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(2) and (b)(2).

In violation of 18 U.S.C. §§ 1591(a)(1) & (2), (b)(1), 1594(c) and 2.

## COUNT TWO
### (Attempted Child Sex Trafficking)

38. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

39. On or about March 10, 2020, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, did knowingly attempt to recruit, entice, obtain, solicit and maintain by any means, an individual the defendant believed to be a seven-year-old female, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that such individual was less than 18 years of age and would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1) & (b)(1), and 1594(a).

9

### COUNT THREE
(Child Sex Trafficking)

40. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

41. Between in or about 2015 through in or about February of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, JOSHUA D. ALDRIDGE**, along with K.M. and other unnamed co-conspirators known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, Minor Victim 1 and Minor Victim 2, minors whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that Minor Victim 1 and Minor Victim 2 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1 and Minor Victim 2 would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and § 2.

### COUNT FOUR
(Child Sex Trafficking)

42. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

43. Between in or about 2012 through in or about October of 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, CHARITY A. RAWLINS,** and **RONNIE L. RAWLINS**, knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, Minor Victim 3, a minor whose identity is known to the Grand Jury, in and affecting interstate and

foreign commerce, knowing and in reckless disregard of the fact that Minor Victim 3 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 3 would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and 18 U.S.C. § 2.

## COUNT FIVE
(Sexual Exploitation of Children)

44. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

45. Between in or about July of 2015 and December of 2016, the exact date being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, did employ, use, persuade, induce, entice, and coerce a minor, specifically Minor Victim 1, an approximately seven-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital images depicting Minor Victim 1 engaged in sexually explicit conduct, including oral sexual intercourse, and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, specifically a Nikon camera and a PNY Optima SD card that were manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) & (e).

## COUNT SIX
(Possession of Child Pornography)

46. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

47. On or about March 9, 2020, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, knowingly possessed matter, that is, digital files stored on a PNY

11

Optima SD card that contained one or more visual depictions; and such visual depictions were produced using materials that had been shipped and transported in interstate and foreign commerce, the production of such visual depictions having involved the use of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct, to wit: digital images files depicting Minor Victim 1, an approximately seven-year-old female, engaged in oral sexual intercourse, and the lascivious display of the genitalia.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## COUNT SEVEN
### (Possession of Child Pornography)

48. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

49. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **FRANK E. ANDREWS,** knowingly possessed one or more computer discs that contained an image of child pornography as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

## COUNT EIGHT
### (Conspiracy to Obstruct Enforcement of 18 U.S.C. § 1591)

50. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

51. Between on or about March 10, 2020, through on or about May 27, 2020, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, FRANK E. ANDREWS,**

**WILLIAM DAVID COLE, DENNA S. PORTER, CRYSTAL D. PORTER,** and **WAYNE PORTER,** did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to obstruct, attempt to obstruct, or in any way interfere with or prevent the enforcement of 18 U.S.C. §1591(a).

In violation of 18 U.S.C. §§ 1591(d) and 1594(c).

## COUNT NINE
### (Tampering with a Witness)

52. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

53. In or about the month of April of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER** and **ERROLL WAYNE PORTER, SR.** did knowingly conspire and attempt to intimidate, threaten and corruptly persuade a government source who is known to the Grand Jury, with the intent to hinder, delay or prevent, the known government source from communicating to a law enforcement officer information relating to the commission or possible commission of a Federal offense, to wit, the child sex trafficking activities of **LARRY DEAN PORTER**.

In violation of 18 U.S.C. §§ 1512(b)(3) and (k).

## COUNT TEN
### (Destruction or Removal of Property to Prevent Seizure)

54. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

55. Between on or about March 11, 2020 and March 20, 2020, in the Southern District of Ohio, the defendants, **WILLIAM DAVID COLE, FRANK E. ANDREWS, CRYSTAL D. PORTER,** and **DENNA S. PORTER,** after the search and seizure of property by law enforcement officers from the Scioto County Sheriff's Office and the Federal Bureau of Investigation, persons authorized to make such search and seizure, did knowingly dispose of and

13

transfer and attempt to dispose of and transfer property, specifically digital devices capable of storing digital images and videos, for the purpose of preventing and impairing the Government's lawful authority to take said property into its custody and control.

In violation of 18 U.S.C. §§ 2232(a) and 2.

### COUNT ELEVEN
### (False Statement to Law Enforcement)

56. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

57. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **DENNA S. PORTER**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that she removed personal effects, such as family photos, from the residence of Dean Porter and was digging in the property of Dean Porter for money she believed was buried there. The statements were false because, as the defendant then and there knew, she and others had removed digital devices from the residence of Dean Porter and were searching for buried digital devices when they dug in Dean Porter's yard. It is further alleged that this offense involved violations under Chapter 110 (Sexual Abuse and Other Abuse of Children) and 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

### COUNT TWELVE
### (False Statement to Law Enforcement)

58. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

59. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **CRYSTAL D. PORTER**, did willfully and knowingly make a materially false, fictitious, and

14

fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that she was not aware of and did not participate in the removal of any digital devices from the residence of Dean Porter and that she was digging in the property of Dean Porter for money she believed was buried there. The statements were false because, as the defendant then and there knew, she had previously been informed that digital devices had been removed from the residence of Dean Porter and she was searching for buried digital devices when she and others dug in Dean Porter's yard. It is further alleged that this offense involved violations under Chapter 110 (Sexual Abuse and Other Abuse of Children) and 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

## COUNT THIRTEEN
### (False Statement to Law Enforcement)

60. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

61. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **WILLIAM DAVID COLE**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that he had no knowledge of Dean Porter interacting with children in a sexual manner. The statement was false because, as the defendant then and there knew, he had communicated with Dean Porter regarding Dean Porter's sexual activities with minor children prior to the time of the defendant's statement to Agents. It is further alleged that this offense involved a violation of 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

## FORFEITURE COUNT A

62. The allegations of Counts One through Four and Eight of this Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 1594(e).

63. As a result of the offenses alleged in Counts One through Four and Eight of this Indictment and upon conviction thereof, the defendants, **LARRY DEAN PORTER, WILLIAM DAVID COLE, FRANK E. ANDREWS, CRYSTAL D. PORTER,** and **DENNA S. PORTER,** shall forfeit to the United States any and all property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the aforementioned violations; and any and all property used or intended to be used to commit or to promote the commission of the aforementioned violations, including but not limited to the following:

   a) $80 in U.S. Currency;
   b) One Bryco Arms 22LR caliber pistol, serial # 308914 and related ammunition;
   c) One Samsung S10 E cellular phone, Model SM-G970U, serial # R58M22E3PAH;
   d) One Alcatel cellular phone, Model, serial # 015163007736977;
   e) One Apple i-Phone 11 cellular phone, serial # DNPZWICLN72N and IMEI # 356555104644128;
   f) One Apple iPhone 11 Pro Max cellular phone, serial # F2NZKN48N706;
   g) One Kyocera cellular phone, Model E6560, serial # 014072001939118; and
   h) One blue SanDisk 8GB SDHC card.

In violation of 18 U.S.C. § 1594(e).

## FORFEITURE COUNT B

64. The allegations contained in Counts Five through Seven of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

16

65. As a result of the offenses alleged in Counts Five through Seven of this Indictment, and upon conviction thereof, Defendants **LARRY DEAN PORTER** and **FRANK E. ANDREWS** shall forfeit to the United States:

    a. All matter containing any visual depiction described in the allegations contained in Counts Five through Seven of this Indictment; and

    b. All property used or intended to be used to commit and to promote the commission of the aforementioned violations in Counts Five through Seven of this Indictment, including but not limited to the following:

        i. One Asus desktop computer, serial # CM5671-05;
        ii. One Dell Desktop computer, service tag # 8DD0MD1;
        iii. One PNY Optima 26GB SD card; and
        iv. Eight Optical (CD/DVD) discs.

In violation of 18 U.S.C. §§ 2253(a)(1) and (3).

A TRUE BILL.

/s/
s/Foreperson
FOREPERSON

DAVID M. DEVILLERS
United States Attorney

s/Heather A. Hill
HEATHER A. HILL (IL 6291633)
Assistant United States Attorney

s/Jennifer M. Rausch
JENNIFER M. RAUSCH (0075138)
Special Assistant United States Attorney

s/Jessica W. Knight
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney