# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.

**LARRY DEAN PORTER,** *et al.*,

    **Defendants.**

:

:

:

Case No. 2:20-cr-95
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court on Defendant Larry Dean Porter's Motion to Suppress and request for an evidentiary hearing. (ECF No. 383.) The Government opposes the Motion and request. (ECF No. 422.) For the reasons set forth below, both are **DENIED**.

## I. BACKGROUND

According to the Government, in March 2020, a confidential source ("CS") was working with Jackson County Sheriff's Office ("JCSO"); the CS explained to JCSO that she had interactions Mr. Porter in the past and knowledge about his sexual interest in children. (Aff. in Support of Criminal Compl. ("Compl. Aff."), ECF No. 23, ¶¶ 5, 6; ECF No. 422, PageID 2051.) Specifically, she had frequently purchased drugs from Mr. Porter, and he had attempted to buy a child from her. (*Id.*) The CS also explained to JCSO that when Mr. Porter used the term "babysit," he meant an opportunity to be alone with the child for sexual reasons. (*Id.*) The CS described an instance to JCSO where she found Mr. Porter at his house in his

underwear with a four- or five-year-old girl who was also only in underwear. (ECF No. 422, PageID 2051.)

In light of this information, the JCSO authorized and monitored a controlled Facebook conversation between the CS and Mr. Porter. (Compl. Aff. ¶ 7.) The CS and Mr. Porter exchanged Facebook messages regarding plans for Mr. Porter to "babysit" a seven-year-old girl in exchange for $80. (Compl. Aff. ¶ 8; ECF No. 383-1.) During the conversation, Mr. Porter asked if he was being set up and expressed nervousness multiple times: "I ain't bein set up am i"; "gosh, I don't know wat to do. I'm under investigation now . . . the law down here has beenin to set me up for kids"; "just hope this isn't a setup"; "i'm scared . . . hope u ain't workin with the police or law." (ECF No. 383-1.) The CS and Mr. Porter discussed how the mom was "on dope" and was "looking to sell [the child] for smack." (*Id.*) There was also discussion about the child being a virgin. (*Id.*) They agreed to meet at a McDonald's. (*Id.*)

Shortly after Mr. Porter arrived at the McDonald's, the JCSO arrested him. (ECF No. 422, PageID 2052.) The wire audio recording from the encounter between Mr. Porter and CS is inaudible. (ECF No. 383, PageID 1763.)

In October 2020, a Grand Jury returned a Second Superseding Indictment charging Mr. Porter with various offenses pertaining to sexual exploitation, sex trafficking, and child pornography, as well as related obstruction and witness tampering offenses. (ECF Nos. 121–123, 136.) Relevant to the instant Motion is Count Four of the Second Superseding Indictment, which charges Mr. Porter with

2

Attempted Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and 1594(a). (ECF No. 121.)

## II.   MOTION TO SUPPRESS

Mr. Porter makes two arguments in his Motion to Suppress. (ECF No. 383.) First, he argues there was no probable cause for his arrest based on his Facebook communications with the CS and his appearance at McDonald's so that all evidence obtained by law enforcement as a result of this arrest, including from search warrants that included information from this arrest, should be excluded as "fruit of the poisonous tree." (*Id.* PageID 1763–64, 1767) (citing *Mapp v. Ohio*, 367 U.S. 643 (1961)). Next, Mr. Porter argues any statements he made from his initial appearance until he had the opportunity to consult with counsel should be excluded. (*Id.* PageID 1764–66.) Alternatively, he argues it "would not be beyond the pale" for the Court to dismiss all charges against him "for not being provided counsel at this critical phase of the proceeding." (*Id.* PageID 1766.)

Mr. Porter filed a supplement to his Motion directing the Court to two transcripts—the initial appearance proceedings before the Magistrate Judge on Wednesday May 27, 2020 (ECF No. 85) and the detention and preliminary hearing proceedings before the Magistrate Judge on June 1, 2020 (ECF No. 16). (ECF No. 406.)

Finally, Mr. Porter requests an evidentiary hearing on these issues. (ECF No. 383, PageID 1761, 1767.)

### A. *Probable Cause for Arrest*

To support his contention that there was no probable cause for his arrest, Mr. Porter argues his Facebook conversation with the CS did not clearly elucidate his intention. (ECF No. 383, PageID 1765 ("it is entirely possible to read this communication as Mr. Porter's attempt to shield a young girl from potential harm").) He also contends he did not explicitly express his intentions to the CS or otherwise take an affirmative step to show his intentions, and the wire audio recording does not shed light on the situation because it is inaudible. (*Id.* PageID 1763–64.)

In response, the Government counters that probable cause is not a high bar; rather it only requires a probability or substantial chance of criminal activity, not an actual showing. (ECF No. 422, PageID 2054) (citing *Kaley v. United States*, 571 U.S. 320, 338 (2014); *United States v. Moncivais*, 401 F. 3d 751, 756 (6th Cir. 2005)). It argues that Mr. Porter's arrest was reasonable and the totality of the circumstances supported probable cause because: (1) the JCSO knew Mr. Porter had sexual interest in children that he had acted on during two different interactions with the CS several years prior; (2) the CS had been a reliable source; and (3) if Mr. Porter had not sought to engage in illegal activity with the child he would not have made many of the statements he did in his Facebook conversation with the CS. (*Id.* PageID 2054–55.) Specifically, there would be no reason for Mr. Porter to state he was nervous about a setup, or for Mr. Porter and the CS to negotiate the amount the child would cost and reference the child's sexual experience. (*Id.* PageID 2055.)

4

The Court finds there was probable cause for Mr. Porter's arrest. The Facebook messages between Mr. Porter and the CS show "a probability or substantial chance of criminal activity." *See Moncivais,* 401 F.3d at 756. On multiple occasions during the Facebook conversation Mr. Porter references being set up and even explicitly acknowledges "for kids." (ECF No. 383-1.) Mr. Porter's expression of these concerns is indicative of an intention to engage in illegal activity with a seven-year-old child. Mr. Porter's negotiations with the CS for a price of $80 for the child and discussion of her sexual history are also indicative of criminal intent. (*See id.*) "[R]easonable and prudent people, not legal technicians" would conclude there is at the very least a "fair probability" Mr. Porter was engaged in criminal activity—and that is enough. *See Fla. v. Harris*, 568 U.S. 237, 244 (2013). Mr. Porter's Motion to Suppress evidence obtained by law enforcement as a result of his arrest is **DENIED**.

    B.    *Exclusion of Mr. Porter's Statements while Unrepresented*

In response to Mr. Porter's argument that any statements he made during his initial appearance until he had the opportunity to consult with counsel should be excluded (or, alternatively, all charges should be dismissed), the Government replies that it " is unaware of any statements the defendant made between the time of his initial appearance and the appointment of counsel" and has "no intent to introduce any such statements." (ECF No. 422, PageID 2058.) As such, Mr. Porter's Motion related to any such statements is moot. The Court agrees and **DENIES AS MOOT** Mr. Porter's Motion to Suppress such statements.

    C.    *Evidentiary Hearing Request*

The Court finds that an evidentiary hearing is unnecessary given the record before it and therefore **DENIES** Mr. Porter's request.

**III.   CONCLUSION**

For the reasons set forth above, the Court **DENIES** Mr. Porter's Motion to Suppress and request for an evidentiary hearing. (ECF No. 383.)

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**