UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**  :

 v.    Case No. 2:20-cr-95
      Judge Sarah D. Morrison

**LARRY DEAN PORTER,** *et al.*, :

   **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Larry Dean Porter's Motion to Sever Counts. (ECF No. 378.) The Government opposes. (ECF No. 431.) For the reasons set forth below, the Motion is **DENIED**.

**I. BACKGROUND**

The Second Superseding Indictment charges Mr. Porter with ten counts. (ECF No. 121.) Counts one through six charge him with a variety of child sex, sex, and drug trafficking offenses, as well as conspiracy to commit child sex, sex, and drug trafficking crimes. (*Id.*) Counts seven and eight relate to the production and possession of child pornography. (*Id.*) Count ten charges Mr. Porter with conspiracy to obstruct the enforcement of 18 U.S.C. § 1591 (sex trafficking of children or by force, fraud, or coercion). (*Id.*) Count eleven charges Mr. Porter with tampering with a witness "with the intent to hinder, delay or prevent, [the witness] from communicating to a law enforcement officer information relating to the commission

or possible commission of a Federal offense, to wit, the child sex trafficking activities of" Mr. Porter. (*Id.*)

## II. ANALYSIS

Mr. Porter argues this Court should sever counts ten (conspiracy to obstruct) and eleven (witness tampering) and require they be tried separately from the other counts against him. (ECF No. 378.) He avers the evidence that will be presented on the child sex counts will be highly emotional and inflammatory, "which will unfairly prejudice Mr. Porter when asking the jury to compartmentalize and consider Counts 10 and 11." (*Id.* PageID 1732); *see* Fed. R. Crim. P. 14(a); *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993). Specifically, allegations that Mr. Porter used illegal drugs or physical force to coerce victims to engage in sex acts is inherently inflammatory; and evidence related to the production or possession of child pornography is similarly detestable and inflammatory. (ECF No. 378, PageID 1734.) The jurors will be influenced by these allegations and this evidence when evaluating the obstruction and tampering counts. (*Id.* PageID 1736.)

The Government counters that joinder of all counts is appropriate under Federal Rule of Criminal Procedure 8(a); joinder promotes trial convenience and efficiency; Mr. Porter has not satisfied his burden of establishing severance is required; and Mr. Porter's Motion is untimely. (ECF No. 431.) The Government explains that to prove count ten—that Mr. Porter was conspiring to obstruct the enforcement of 18 U.S.C. § 1591—it will need to prove Mr. Porter knew about the investigation into him and that he conspired with others to obstruct, attempt to obstruct, or otherwise interfere with the enforcement of sex trafficking laws. (*Id.*

2

PageID 2139.) Because the Government needs to establish the alleged obstruction related to enforcement of sex trafficking laws, it must establish the investigation pertained to sex trafficking offenses. (*Id.* PageID 2139–40.) Likewise, count eleven involves an alleged witness to Mr. Porter's sex trafficking and child porn crimes. (*Id.* PageID 2142.) Granting the motion to sever, the Government urges, would waste judicial resources because the Court would essentially have "two nearly identical trials." (*Id.* PageID 2140.)

    A.    *Joinder of the Counts Was Appropriate*

Rule 8(a) provides that two or more offenses may be charged in the same indictment "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *U.S. v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citing *U.S. v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)).

The Government explains how the counts are logically related:

> Counts One through Six cover a variety of sex trafficking offenses, and the victims of those offenses are intertwined with one another factually throughout several of the counts. Counts Seven and Eight relate to physical evidence that both supports Counts One through Six and constitute additional crimes in and of themselves. Counts Ten and Eleven are also factually related to the sex trafficking counts. Actions the defendant took to have friends and family attempt to find the SD card that forms the basis of Counts Seven and Eight before law enforcement could locate it demonstrate one of the ways he committed the obstruction charge. Once in custody on Count Four, the defendant made calls from the local jail to attempt to have a potential witness to Counts One through Six and Ten harmed and to attempt to have a witness to Count Four testify in a particular manner.

3

(ECF No. 431, PageID 2137–38.) This explanation demonstrates that the charges are "connected with or constitute parts of a common scheme or plan" and were appropriately joined. *See* Fed. R. Crim. P. 8(a). Joining the counts "promote[s] the goals of trial convenience and judicial efficiency." *U.S. v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001).

      B.     *Porter Has Not Met his Burden on his Motion to Sever*

To prevail on his motion to sever, Mr. Porter must demonstrate a "compelling, specific, and actual prejudice from a court's refusal to grant" his motion. *U.S. v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *see also U.S. v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (requiring "substantial prejudice"); *U.S. v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007) (requiring "undue prejudice"). "Foremost among the [ ]circumstances [relevant to a motion to sever] is a 'balancing of the interest of the public in avoiding a multiplicity of litigation'" and the interest of the defendant in obtaining a fair trial. *Saadey*, 393 F.3d at 678 (citing *U.S. v. Wirsing*, 719 F.2d 859, 864–65 (6th Cir.1983)).

While the Court and parties agree that viewing evidence related to the sex and drug trafficking and child pornography charges may have a negative impact on the jury, the Court is unconvinced counts ten and eleven should be severed. Counts ten and eleven are interrelated and intertwined with the other counts in the indictment.

For example, Mr. Porter argues that were this Court to grant his motion to sever, "[a]t a separate trial the defense would ask the Court to preclude evidence related to child sex activity, pursuant to Fed. R. Evid. 403, 404(b)," but fails to

4

explain why such a motion would be successful on the merits. (ECF No. 378, PageID 1734–35.) Count ten charges him with obstructing enforcement of sex trafficking laws (that is, enforcement against himself and co-conspirators). Federal Rule of Evidence 404(b)(2) allows evidence of another crime or wrong to prove "motive, opportunity, intent, preparation, plan, knowledge"—evidence related to Mr. Porter's knowledge of the sex trafficking investigation against him could come in at that separate trial to prove he was motivated to obstruct, or planning and preparing to obstruct, the investigation. Mr. Porter also does not to explain how the Government could prove count ten without evidence about the sex trafficking investigation.

Mr. Porter is thwarted by a similar challenge on count eleven—the witness he is alleged to have tampered with observed the conduct forming the basis of counts one through six and ten. The Government asserts Mr. Porter was also trying to "have a witness to Count Four testify in a particular manner." (ECF No. 431, PageID 2138.)

Mr. Porter's reliance on *U.S. v. Maxwell* is unpersuasive. 534 F. Supp. 3d 299 (S.D.N.Y. 2021). In the case against Ghislaine Maxwell, the court determined that trying the perjury and Mann Act counts together would risk an unfair trial on each set of counts because: (1) a joint trial would potentially expose the jury to a "wider swath of information regarding civil litigation against [Jeffrey] Epstein that [was] remote from Maxwell's charged conduct"; (2) evidence presented on the Mann Act counts would prejudice the jury's ability to fairly evaluate Ms. Maxwell's truthfulness in her deposition (a critical element of the perjury counts); and (3) a

5

joint trial would likely require disqualification of at least one of Ms. Maxwell's attorneys because the perjury counts likely implicated the performance and credibility of her lawyers in the civil action. (*Id.* at 320–21.) The facts of this case are easily distinguished from *Maxwell*. While evidence related to counts one through eight will be highly emotional and inflammatory, counts ten and eleven allege crimes to cover up such inciteful conduct. Defendant has failed to articulate "compelling, specific, and actual prejudice" here, and therefore, has failed to meet his burden. *Saadey*, 393 F.3d at 678.

Finally, Mr. Porter can propose jury limiting instructions to alleviate the risk of possible prejudice from evidentiary spillover. It is presumed juries are competent, follow instructions, and do not use evidence related to one crime to infer a defendant's guilt of another. *See U.S. v. Chavis*, 296 F.3d 450, 461 (6th Cir. 2002); *U.S. v. Cody*, 498 F.3d 582, 588 (6th Cir. 2007).

### III. CONCLUSION

For the reasons set forth above, Mr. Porter's Motion to Sever is **DENIED**. (ECF No. 378.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**