# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:20-CR-95 |
| vs. | : | JUDGE SARAH MORRISON |
| LARRY DEAN PORTER, et. al., | : | |
| Defendants. | : | |

**OBJECTION TO GOVERNMENT'S RESTITUTION/GARNISHMENT REQUEST**

LARRY PORTER, by and through undersigned counsel, objects to the government's requested garnishment of his VA Disability checks and seizure of his Disability funds from third party Marty Nagel for the reasons set forth below. This objection is filed in response to the request raised in the Government's Sentencing Memorandum filed March 7, 2023 [Doc 628].

DATED this 11th day of March, 2023.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

/s/ *Deborah L. Williams*
Deborah L. Williams  (AZ 010537)
Federal Public Defender

Soumyajit Dutta  (OH 76762)
Defense Asst. Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio  43215-3469
(614) 469-2999
Deborah_Williams@fd.org
Soumyajit_Dutta@fd.org

Attorneys for Larry Dean Porter

**MEMORANDUM**

The presentence report filed on December 14, 2022, includes a restitution figure of $371,815 plus $15,000 JVTA assessment. [Doc 587, pp. 60-61] The defense filed its objections, including the restitution amount, on March 3, 2023. On March 8 the government filed its presentence memorandum and for the first time requested restitution language not included in the presentence report. Specifically, the government requested an Order directing immediate payment of restitution, an Order garnishing Mr. Porter's VA Disability payments from the Veteran's Administration, and an Order directing that third party Martin Nagel hold and turn over any money in his possession that belongs to Mr. Porter (i.e. his VA payments). These funds are exempt from seizure.

> Title 18 USC 3613(a)(1) prevents the federal government from applying the following categories of property toward a defendant's restitution obligation: (1) "wearing apparel and school books"; (2) "fuel, provisions, furniture, and personal effects"; (3) "books and tools of a trade, business, or profession"; (4) "unemployment benefits"; (5) "undelivered mail"; (6) "certain annuity and pension payments"; (7) "workmen's compensation"; (8) "judgments for support of minor children"; (9) **"certain service-connected disability payments";** and (10) "assistance under [the] Job Training Partnership Act." 18 U.S.C. § 3613(a)(1) (exempting funds defined under section 6334(a)(1)–(8), (10), (12) of the Internal Revenue Code of 1986, codified at 26 U.S.C. § 6334).

*United States v. Carson*, 55 F.4th 1053, 1059 (6th Cir. 2022) (emphasis added). In *Carson*, which is factually dissimilar to this case, the Sixth Circuit remanded for further findings after the district court improperly ordered the Bureau of Prisons to turn over inmate funds derived largely from government stimulus checks. Before entering such an order the court must "first determine the source of the funds." *Id.* at 1057, citing 18 USC 3664(n).

Here, the government asks the Court to order seizure and garnishment of money derived from Mr. Porter's monthly VA pension. *See* PSR ¶289-290, 292. Counsel understands that this pension is in fact a VA disability pension, which makes it exempt from seizure. And as soon as

2

Mr. Porter is imprisoned for 60 days, his VA payments will be reduced or terminated entirely. https://www.benefits.va.gov/persona/veteran-incarcerated.asp.

The government also requests an Order directing that third party Martin Nagel pay all "non-exempt money or property" held for Mr. Porter.  Mr. Nagel is not a party to this case nor has he submitted himself to the jurisdiction of this Court.  Moreover, any money held by Mr. Nagel for Mr. Porter is derived from Mr. Porter's VA payments and exempt from seizure.

The defense also notes that the proposed restitution Order would direct that "restitution shall be ordered joint and several **with any codefendants** convicted on Counts 2, 3, 5, or 6."  *See* PSR ¶320 (emphasis added).  The defense asks that the Court specify by name which codefendants are included in this joint and several liability, to avoid future confusion in enforcing this Order.

DATED this 11th day of March, 2023.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

/s/ *Deborah L. Williams*
Deborah L. Williams  (AZ 010537)
Federal Public Defender

Soumyajit Dutta  (OH 76762)
Defense Asst. Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio  43215-3469
(614) 469-2999
Deborah_Williams@fd.org
Soumyajit_Dutta@fd.org

Attorneys for Larry Dean Porter

**CERTIFICATE OF SERVICE**

3

I hereby certify that a true and accurate copy of the foregoing Motion was electronically served upon all parties on the day of filing.

> _/s/ Deborah L. Williams_
> Deborah L. Williams
> Federal Public Defender