# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,      :      Case No. 2:20-cr-95
                                                 Civil Case No. 2:24-cv-1280

                                                 District Judge Sarah D. Morrison
   -   vs   -                             Magistrate Judge Michael R. Merz

LARRY DEAN PORTER,

           Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court upon the filing of Defendant Porter's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 683). District Judge Morrison has referred that Motion to the undersigned (ECF No. 693) and it is ripe for initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

To complete the initial review, this Report outlines the history of this litigation and analyzes it against the claims made in the Motion and the record already made.

**Litigation History**

Defendant Porter was arrested on a warrant issued by Magistrate Judge Chelsey Vascura of this District and then initially appeared before her on May 27, 2020 (ECF Nos. 1, 2, and 6). Judge Vascura ordered Porter detained without bond and appointed the Federal Public Defender to represent him on May 27, 2020 (ECF No. 8). Federal Public Defender Deborah Williams and Assistant Federal Public Defender Soumyajit Dutta entered their appearances as counsel for Porter the next day (ECF Nos. 9 and 12).

The grand jury for this District indicted Porter and others on June 23, 2020 (ECF No. 33); Porter is named in Counts 1-6, 8, and 9. On July 8, 2020, Porter pleaded not guilty at arraignment and Judge Morrison scheduled trial for September 28, 2020 (ECF No. 66). On Porter's motion, Judge Morrison continued the trial and classified the case as complex (ECF No. 86, 111).

On October 20, 2020, the grand jury returned a Second Superseding Indictment which added counts against Porter (ECF No. 121). On February 8, 2022, Judge Morrison continued the trial date to August 22, 2022, on Porter's motion (ECF Nos. 300, 305). On June 1, 2022, a *Lafler* hearing was held as to Defendant Porter who declined any plea negotiations (ECF No. 354). During that hearing defense counsel advised the Court that Porter would only consider a guilty plea with an agreed sentence of fifteen years (Transcript, ECF No. 387, PageID 1807). However, on August 9, 2022, Porter entered into a Plea Agreement with the United States in which he agreed to a term of imprisonment of not less than fifteen nor more than fifty-five years (ECF No. 498, PageID 2384).

The next day a change of plea hearing was held by District Judge Edmund A. Sargus, sitting for Judge Morrison (Transcript, ECF No. 670). Porter was sworn to answer Judge Sargus's questions truthfully and indicated it was his intention to plead guilty to certain counts. *Id.* at PageID 5767. He then pleaded guilty to counts two, three, five, and six. *Id.* at PageID 5768-69.

Porter said he was satisfied with the advice and representation he had received from his counsel. *Id.* at PageID 5772. He said he knew he was giving up his right to a jury trial by pleading guilty. *Id.* at PageID 5777. Porter agreed that the terms and conditions of the Plea Agreement, including acceptance of the attached statement of facts, were as represented to the Court by the Assistant United States Attorney. *Id.* at PageID 5783. He again agreed with Judge Sargus that everything in the Statement of Facts was "absolutely correct." *Id.* at PageID 5786. Judge Sargus found Porter's pleas of guilty to be knowing, intelligent, and voluntary. *Id.* at PageID 5787.

After reviewing the Presentence Investigation Report, Judge Morrison sentenced Porter on March 14, 2023, to the term of imprisonment he is now serving (Judgment, ECF No. 631). Through new counsel, Porter appealed to the Sixth Circuit (ECF No. 636), but later voluntarily dismissed the appeal without a decision (ECF No. 673)[1].

The Motion to Vacate was filed March 7, 2024.[2] It pleads the following grounds for relief:

> **Ground One**: Counsel Williams and Dutta provided ineffective assistance of counsel when, from the first day of appearance they refused to discuss any other option for the outcome of the case except entry of a plea of guilty.
>
> **Ground Two**: Counsel Williams and Dutta provided ineffective assistance of counsel when, from the first day of appearance they refused to discuss any alibi or exculpatory evidence being presented.

---

[1] The Motion asserts Porter did not appeal (ECF No. 683, PageID 6002), but the docket shows a Notice of Appeal, appointment of new counsel, and preparation of trial court transcripts which would have served no purpose unless an appeal process had been begun.
[2] This is the date on which Porter claims he placed the Motion in the prison mail system.

**Ground Three**: Counsel Williams and Dutta provided ineffective assistance of counsel when they refused to discuss potential witnesses movant wished to call and refused to discuss what the witnesses would testify to.

**Ground Four**: Counsel Williams and Dutta provided ineffective assistance of counsel when they failed to provide and/or allow for the review of discovery items and other legal papers related to the case.

**Ground Five**: Counsel Williams and Dutta provided ineffective assistance of counsel when they failed to object to "multiplous [sic] and duplicitous" prosecutions with relation to charging methods by the government for all counts.

**Ground Six**: Counsel Williams and Dutta provided ineffective assistance of counsel when they failed to raise objections to restitution penalties; the manner in how penalties were determined and the amounts in which to set them.

**Ground Seven**: Counsel Williams and Dutta provided ineffective assistance of counsel when they failed to truthfully, accurately succinctly and effectively advise movant of the penalties for the offenses, denying him an opportunity to be reasonably informed so that he was able to make "conscientious decisions" related to whether or not to proceed to trial or not, and to be reasonably informed about other "crucial elements" related to the charges and the case against him; whether he was able to defend against the government, how much time he realistically faced and what was held in evidence against him by the prosecution.

**Ground Eight**: Counsel Williams and Dutta provided ineffective assistance of counsel when they both, after numerous unanswered phone calls and correspondances [sic] sent requesting that they surrender the legal file and other materials to movant for preparation of any possibly post-conviction actions.

**Ground Nine**: Counsel Williams and Dutta provided ineffective assistance of counsel when they interfered with movants allocution.

(ECF No. 683, PageID 6015).

## Analysis

All of Porter's Grounds for Relief purport to state claims of ineffective assistance of trial counsel Williams and Dutta. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

5

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

6

The constitutional right to the effective assistance of counsel extends to the plea bargaining process. *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). The *Strickland* standard applies in evaluating ineffective assistance claims in cases which resulted in a negotiated plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill*, 474 U.S. at 58. Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial. *Id.* at 59.

"The test is objective, not subjective." *Plumaj v. Booker*, 629 Fed. Appx. 662 (6th Cir. 2015), quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). To obtain relief, [a petitioner] "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The rationality of such a rejection is typically based on multiple factors, including the strength of the evidence against a defendant, the lack of viable defenses, and the benefits of the plea bargain. See *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x 517, 522 (6th Cir. 2012). Trial counsel's professional judgment in the plea bargaining process is entitled to deference. *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011).

**Grounds One, Two, and Three:  Ineffective Assistance by Refusal to Discuss Trial Options**

In his first three Grounds for Relief, Porter asserts he received ineffective assistance of trial counsel because Attorneys Williams and Dutta refused to discuss any option for resolving the case

7

other than a guilty plea, including refusal to discuss alibi and exculpatory witnesses and other witnesses Porter wanted to call.

These three Grounds for Relief are pleaded in quite conclusory form. That is, they do not plead specific facts. Porter does not identify any of these witnesses or suggest what they would have testified to that would have given him a defense. The Supreme Court has held that the "notice" pleading used here does not satisfy Rule 2 which requires the pleading of "facts." *Mayle v. Felix,* 545 U.S. 644, 655 (2005). Without knowing who these potential witnesses were or what they would have testified to, the Court cannot assess whether it was in any way prejudicial to Porter that his counsel would not discuss them.

More important than the form of pleading is the fact that these claims are contrary to the representations Porter made under oath at the plea colloquy when he said he was satisfied with the representation he had received. If it is true that there existed witnesses who could have provided a convincing defense, Porter certainly knew of them and what they could testify to before he swore to Judge Sargus that he was satisfied with the representation he had received, for the plea proceeding took place virtually on the eve of trial, after proposed jury instructions had been submitted. Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, which Judge Sargus did, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976).

Grounds One, Two, and Three should therefore be dismissed because they assert conclusions of fact which are rebutted by Porter's sworn statements in the plea colloquy.

**Ground Four: Failure to Provide Discovery**

In his Fourth Ground for Relief, Porter claims he received ineffective assistance of trial counsel when Attorneys Williams and Dutta failed to provide him with access to discovery. This Ground for Relief suffers from the same deficiencies as Grounds One, Two, and Three: it does not identify what discovery materials were received by trial counsel that were not shared with Porter or why his claim that this constituted ineffective assistance of trial counsel is not rebutted by his sworn statement that he was satisfied with counsels' representation.

Ground Four should be dismissed because it is not pleaded with sufficient specificity and its underlying premise is rebutted by Defendant's sworn statement during the plea colloquy.

**Ground Five: Failure to Object to Defective Indictment**

In his Fifth Ground for Relief, Porter claims he received ineffective assistance of trial counsel from Williams and Dutta when they did not object to "multiplous [sic] and duplicitous prosecutions with respect to the indictment. Reading the Memorandum attached to the Motion, the Magistrate Judge understands this claim to be that Porter was exposed to being twice in jeopardy for the same crime or that the United States failed to charge an essential element of one of the crimes.

The Plea Agreement required Porter to plead guilty to Counts Two, Three, Five, and Six of the Second Superseding Indictment (ECF No. 121) and that is in fact what he did.

Count Two charges a conspiracy to engage in child sex trafficking by force in that Porter along with others knowingly and intentionally conspired to entice two minor victims to engage in

9

commercial sex acts and benefited from the conspiracy "In violation of 18 U.S.C. §§ 1591(a)(l) & (2), (b)(l), 1594(c) and 2."

Count Three charges that Porter and others "unlawfully conspire[d] and confederate[d] with each other to distribute and possess with intent to distribute, oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(C) "In violation of 21 U.S.C. §846."

Count Five charges that Porter and others "knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, Minor Victim 1 and Minor Victim 2" knowing that they were under eighteen and would be caused to engage in a commercial sex act. "In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and § 2."

Count Six charges child sex trafficking by Porter and others with respect to Minor Victim 3 "In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and § 2."

Porter's claim seems to be that a conviction under 18 U.S.C. §2(b) requires proof that a defendant acted willfully and an indictment for a violation of that statute requires inclusion of the *mens rea* element of willfulness. He also seems to be complaining that the indictment does not specify whether it is brought under 18 U.S.C. §2(a) or 2(b). The claim is irrelevant to Count Three which does not contain an aiding and abetting charge.

Porter did not plead to any aiding and abetting charge, but to the principal crimes. By the terms of the Plea Agreement, the aiding and abetting charges were dismissed as to Porter. Thus he is not confined on any judgment involving those charges and cannot show any prejudice from his attorneys' failure to object to any incorrect pleading of the § 2 charges. Ground Five should therefore be dismissed.

10

**Ground Six:  Ineffective Assistance as to Restitution**

In his Sixth Ground for Relief, Porter claims he received ineffective assistance of trial counsel when Attorneys Williams and Dutta did not object to the restitution imposed as part of the judgment.

The record shows, however, that defense counsel extensively briefed objections to the amount of restitution recommended by the Probation Department (ECF No. 627).  Here again Defendant's pleading is entirely conclusory.  He faults both the Court and the United States for not providing proper calculations of restitution, but he suggests no way in which those asserted deficiencies were caused by defense counsel.  Ground Six should therefore be dismissed.

**Ground Seven:  Failure to Advise of Possible Penalties**

In his Seventh Ground for Relief, Defendant claims Attorneys Williams and Dutta did not advise him of the possible penalties associated with the crimes with which he was charged.  Assuming the truth of that allegation, it will not support a claim of ineffective assistance of trial counsel because Judge Sargus carefully advised Porter of the possible penalties.  (ECF No. 670, PageID 5772 et seq.)  Porter expressed no surprise at the recited maximum penalties, so it seems likely that he had heard them before.  Regardless, he certainly heard them from Judge Sargus before he pleaded guilty and thus can show no prejudice from Attorney Williams' and Dutta's failure to tell him, if that was the case.  Ground Seven should be dismissed.

**Ground Eight:  Failure to Provide File**

In his Eighth Ground for Relief, Porter claims Attorneys Williams and Dutta provided ineffective assistance of trial counsel when they failed to deliver to him their file of his case after he was sentenced so that he could prepare for any possible post-conviction actions.

To the extent this Ground claims counsel should have turned over material produced in discovery, such disclosure would violate Judge Morrison's Protective Order which was entered on joint motion of the parties (ECF No. 64).  The same order requires the return of discovery materials to the Government after the case is completed, which has presumably already happened.  Moreover the failure to turn over such materials to the Defendant is not the cause of his incarceration nor did it prevent him from timely filing the instant motion to vacate.

Ground Eight should be dimissed for failure to state a claim upon which relief can be granted.

**Ground Nine:  Interference with Allocution**

In his Ninth Ground for Relief, Porter claims Attorneys Williams and Dutta provided ineffective assistance of trial counsel when they interfered with his allocution.  This claim is completely rebutted by the transcript of the sentencing hearing which shows no such interference.

**Conclusion**

The Motion, the attached memorandum, and the record of prior proceedings demonstrate the Defendant Porter is not entitled to relief. The Motion to Vacate should therefore be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 7, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                               s/ *Michael R. Merz*
                                               United States Magistrate Judge