UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

    **Plaintiff,**                      :          **Criminal Case No. 2:20cr95**
                                                     **Civil Case No. 2:24cv1280**

    v.

                                                     **Judge Sarah D. Morrison**

**Larry Dean Porter,**                       **Magistrate Judge Michael R. Merz**

                                      :

    **Defendant.**

## OPINION AND ORDER

This case is before the Court upon the filing of Defendant Porter's Objections (ECF No. 698) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 694) which recommends that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 683) be dismissed.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below.

All of Defendant's grounds for relief assert Defendant received ineffective assistance of trial counsel from his appointed attorneys, Federal Public Defender Deborah Williams and Assistant Federal Defender Soumyajit Dutta. The Report set forth the governing standard for proving ineffective assistance adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and specifically applied to plea negotiations in *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v.*

1

*Cooper*, 566 U.S. 156 (2012). Defendant makes no objection to the Report's statement of the governing law and the Court finds it is correct.

**Grounds One, Two, and Three: Ineffective Assistance by Refusal to Discuss Trial Options**

For analysis purpose, the Report groups Defendant's first three grounds for relief together and concluded they should be dismissed because they did not plead supporting facts with sufficient specificity (Report, ECF No. 694, PageID 6902). The Magistrate Judge cited *Mayle v. Felix,* 545 U.S. 644, 655 (2005), as requiring specificity in pleading and concluded "[w]ithout knowing who these potential witnesses were or what they would have testified to, the Court cannot assess whether it was in any way prejudicial to Porter that his counsel would not discuss them.

Defendant objects that the names and content of expected testimony are protected by attorney-client communication confidentiality. (Objections, ECF No. 698, PageID 6102). However, when a defendant tells his attorney something in confidence and then later relies on that communication as proof of ineffective assistance of trial counsel, he has waived the privilege. A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986).

With respect to the required specificity of pleading, Defendant relies in part on cases citing as authority *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, *Conley* has been expressly overruled on this point by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007). In that case the Supreme Court held "[A pleader's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Absent an identification of who the absent witnesses are and what they would testify to, the Court cannot judge whether or not these claims are plausible.

Defendant seeks an evidentiary hearing at which these identities could be revealed, but before the Government is put to the test of a trial on these allegations, it is entitled to know what specific allegations are being made. At one point in his Objections, Defendant asserts he never identified these witnesses even to his attorneys because they would not consider any option other than pleading guilty. (Objections, ECF No. 698, PageID 6107). This allegation makes Defendant's pleading even less satisfactory. If Defendant refuses to identify the witnesses and their prospective testimony unless he is transported back to Court for an evidentiary hearing, the Court would have no way of deciding whether his claims were plausible or not.

The Magistrate Judge also relied in the Report on Defendant's having said

3

under oath at the plea colloquy that he was satisfied with the representation he received. Defendant does not deny that he made that statement under oath, but purports to repudiate it now because he says it was made before he received a forty-five year sentence "and not the 15 years Dutta and Williams had promised him." The record contradicts Defendant's claim. Although he was sentenced after the Plea Agreement was accepted (as is the case with every defendant where there is not an agreed sentence), he swore during the plea colloquy that no one had promised him anything other than what was in the Plea Agreement. (Transcript, ECF No. 670, PageID 5783). There is, of course, no promise of a fifteen-year sentence in the Plea Agreement; if there were, Defendant would be entitled to specific performance of that promise.

Defendant's Objections to dismissal of Grounds One, Two, and Three are overruled.

**Ground Four: Ineffective Assistance of Trial Counsel for Failure to Provide Discovery**

In his Fourth Ground for Relief, Defendant claims he received ineffective assistance of trial counsel when Attorneys Williams and Dutta failed to provide him with access to discovery received from the Government. The Report recommended dismissing this claim on the same basis as the first three grounds: lack of sufficient specificity as to the withheld discovery. Defendant objects that if his attorneys had only listened to him, he would have identified likely witnesses. (Objections, ECF No. 698, PageID 6108).

Defendant's Objections are overruled for the same reasons as with the first

three grounds: lack of specificity as to what was withheld does not allow the Court to decide whether this claim has any plausibility.

**Ground Five: Ineffective Assistance of Trial Counsel: Failure to Challenge Defective Indictment**

The Magistrate Judge read Ground Five as claiming that the Indictment did not charge an essential element of the crime of aiding and abetting. Because Defendant did not plead guilty to that charge, the Report found Defendant had failed to state a claim on which habeas corpus relief could be granted.

Instead of objecting to the substance of the Report on this Ground for Relief, Defendant falls back on his conclusory and libelous accusation that Attorneys Dutta and Williams were "sleeping lawyers" throughout their representation of him. This objection does not meet the substance of the Report on this Ground and is therefore overruled.

**Ground Six: Ineffective Assistance as to Restitution**

In his Sixth Ground for Relief, Defendant claims he received ineffective assistance of trial counsel when Attorneys Williams and Dutta did not object to the restitution imposed as part of the judgment. The Report points out that counsel did object to the Probation Department about the calculation of restitution. Instead of objecting to this specific finding, Defendant falls back on his general rant that Dutta and Williams were "sleeping lawyers." As with Ground Five, this objection does not meet the substance of the Report and is therefore overruled.

**Ground Seven: Ineffective Assistance of Trial Counsel: Failure to Advise of Possible Penalties**

In his Seventh Ground for Relief, Defendant claims Attorneys Williams and Dutta did not advise him of the possible penalties associated with the crimes with which he was charged. The Report concluded this ground should be dismissed for lack of any possible prejudice because Judge Sargus (who took the plea for the undersigned) advised Defendant of all the possible maximum penalties for the crimes with which he was charged. (Report, ECF No. 694, PageID 6095).

In his Objections, Defendant does not take issue with this conclusion, and it is accordingly adopted.

**Ground Eight: Failure to Provide File**

In his Eighth Ground for Relief, Porter claims Attorneys Williams and Dutta provided ineffective assistance of trial counsel when they failed to deliver to him their file of his case after he was sentenced so that he could prepare for any possible post-conviction actions. The Report recommends dismissing this ground for failure to state a claim upon which habeas corpus relief can be granted.

In his Objections, Defendant re-characterizes this claim as a failure to provide discovery and claims not to know of the orders regarding discovery made by the Court. Whether he knows of them or not, they are docketed and available on PACER (Public Access to Court Electronic Records). His Objections are overruled.

**Ground Nine: Interference with Allocution**

In his Ninth Ground for Relief, Porter claims Attorneys Williams and Dutta provided ineffective assistance of trial counsel when they interfered with his

6

allocution. The Report recommends denying this claim because it is "completely rebutted by the transcript of the sentencing hearing which shows no such interference." (Report, ECF No. 694, PageID 6096).

Defendant's Objections do not point to any recorded interference with his right of allocution and Defendant does not claim any error in the record. Instead, he claims his lawyers

> prohibited him from saying the things he wished to say in addressing the court. Dutta and Williams threatened Mr. Porter that if he said anything more than the words he spoke at sentencing that he receive 75 years in prison. So, fearful that what Dutta and Williams said was true, Mr. Porter said only the words given to him by his lawyers."

(Objections, ECF No. 698, PageID 6111). Far from showing ineffective assistance of trial counsel, this statement displays effective assistance of counsel in that Defendant did not receive a seventy-five year sentence, but only forty years. Defendant has not taken the occasion of his Motion to Vacate to tell the Court what it is he wanted to say, so the Court cannot say for certain whether it would have justified a seventy-five year sentence. The sentencing proceeding is transcribed at ECF No. 671 and Defendant's allocution is at PageID 5840; it consists entirely of "Okay. I would like to apologize to all the people that I've ruined their lives. I'm sorry. Thank you." There is no indication he wanted to say something further. Defendant's Objections as to Ground Nine are overruled.

**Conclusion**

Based on the foregoing analysis, the Court finds Defendant's Objections are without merit and they are **overruled**. The Magistrate Judge's Report is adopted

7

in its entirety.  The Clerk will enter judgment dismissing the Motion to Vacate with prejudice.  Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

       /s/ Sarah D. Morrison
**Sarah D. Morrison**
**United States District Judge**