**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

: 

**Plaintiff,**

**v.**

**Case No. 2:20-cr-95(1)**
**Chief Judge Sarah D. Morrison**

**LARRY DEAN PORTER,**

:

**Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Larry Dean Porter's Motion for Compassionate Release. (Mot., ECF No. 731.) The Government opposes. (Resp., ECF No. 732.) For the reasons below, Mr. Porter's Motion is **DENIED**.[1]

## I. BACKGROUND

On August 9, 2022, Mr. Porter pleaded guilty to one count of conspiring to engage in sex trafficking by force, fraud, or coercion; one count of drug trafficking conspiracy; and two counts of child sex trafficking. (ECF No. 498.) The Court sentenced him to, *inter alia*, 480 months' imprisonment and a lifetime term of supervised release. (ECF No. 631.)

Mr. Porter, proceeding without the assistance of counsel, now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that extraordinary and compelling reasons support his release—specifically, (1) his life

[1] Mr. Porter's corresponding request for the appointment of counsel (Mot., PAGEID # 6587) is also **DENIED**.

expectancy is shorter than the term of incarceration to which he was sentenced; (2) he suffers from a myriad of serious, age-related physical or mental health conditions; and (3) he no longer uses drugs and has found God. (Mot., PAGEID ## 6589–90, 6606–07.) The Court addresses each of these points below but finds that none warrant compassionate release.

## II. STANDARD OF REVIEW

Generally, a "court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). The law provides very limited exceptions to that general rule. One such exception provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). Under this exception, a sentencing court may reduce a defendant's term of imprisonment (assuming exhaustion[2]) if specific conditions are met. 18 U.S.C. § 3582(c). These conditions include (1) a finding of "extraordinary

[2] Mr. Porter asserts that he submitted a request for compassionate release to the Bureau of Prisons on November 24, 2025, but heard nothing in response. (Mot., PAGEID # 6588.) Because the Government does not dispute Mr. Porter's assertions (*see* Resp., PAGEID # 6612 n.1), the Court will assume that he has exhausted the necessary administrative remedies and will consider the merits of his compassionate release request.

and compelling reasons" for compassionate release; (2) a finding that compassionate release is consistent with applicable Sentencing Commission policy statements; and (3) consideration of the factors outlined in 18 U.S.C. § 3553(a). *Id.*; *United States v. Jones,* 980 F.3d 1098, 1107–08 (6th Cir. 2020).

Courts "must make the two requisite 'find[ings]' before weighing the applicable § 3553(a) factors." *Jones,* 980 F.3d at 1106. "If the [defendant] flunks any of these [three] requirements, he loses, and the court need not consider the others." *United States v. White*, 178 F.4th 307, 310 (6th Cir. 2026) (citation omitted).

## III. ANALYSIS

### A. No extraordinary and compelling reason exists to reduce Mr. Porter's sentence.

Congress did not define the phrase "extraordinary and compelling," so the Sentencing Commission was left to "describe what should be considered extraordinary and compelling reasons for sentence reduction" through policy statements. *United States v. Hall*, 179 F.4th 504, 508 (6th Cir. 2026) (citation omitted); *see United States v. Washington*, 122 F.4th 264, 266–67 (6th Cir. 2024) ("[W]e look to applicable policy statements from the Sentencing Commission to determine what constitutes an extraordinary and compelling reason to grant compassionate release."). In 2023, the Sentencing Commission amended the applicable policy statement, explaining that "extraordinary and compelling" reasons existed in six circumstances "or a combination thereof." U.S.S.G. § 1B1.13(b). However, insofar as the Sixth Circuit's "pre-2023 interpretation of the compassionate-release statute conflicts with § 1B1.13(b)," the Sixth Circuit's

interpretation "wins." *Hall*, 179 F.4th at 510; *see also Rutherford v. United States*, 608 U.S. 454, 1334 (2026) ("[T]he Commission's policy statements must be consistent with the governing statute, and courts have a duty to independently interpret the statute.").

Section 1B1.13(b) provides that a defendant's "age," "medical circumstances," and "rehabilitation" may constitute extraordinary and compelling reasons for release in some cases. This is not one of those cases.

First, a defendant's age may be extraordinary and compelling if the defendant (1) is at least 65 years old; (2) is experiencing a serious deterioration in physical or mental health because of the aging process; and (3) has served at least 10 years or 75 percent (whichever is less) of his term of imprisonment. *See* U.S.S.G § 1B1.13(b)(2). Although Mr. Porter is 75 years old, he has only served roughly seven years of his 40-year sentence. As such, he does not meet § 1B1.13(b)(2)'s requirements.

Second, § 1B1.13(b)(1) offers guidance about what medical circumstances rise to the level of extraordinary and compelling. A defendant must be "experiencing deteriorating physical or mental health because of the aging process" or suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment." U.S.S.G § 1B1.13(b)(1)(B)(i–iii). Alternatively, a defendant must be "suffering from a medical condition that requires long-term or specialized medical care … without which the defendant is at risk of serious deterioration in health or death." U.S.S.G § 1B1.13(b)(1)(C).

Mr. Porter presents medical documentation indicating that he has a large aortic aneurysm, a retrosternal goiter, possible early liver cirrhosis, and a history of coronary artery disease, hypertension, hyperglycemia, and other diagnoses. (Mot., PAGEID ## 6604, 6607.) But the Court need not evaluate Mr. Porter's medical disorders because the Court was acutely aware of his physical and mental status at sentencing, and to the extent any conditions have appeared or worsened since then, he does not meet the requirements in §§ 1B1.13(b)(1)(B)–(C) to achieve an extraordinary and compelling finding.

"Facts that existed at sentencing cannot later be construed as extraordinary and compelling reasons to reduce a final sentence." *United States v. Hunter,* 12 F.4th 555, 570 (6th Cir. 2021). Such facts include prior or ongoing medical problems. *Cf., e.g.*, *United States v. Taylor,* No. 3:04-cr-130(1), 2024 WL 4284651, at *2 (S.D. Ohio Sept. 24, 2021) (Rice, J.) ("[P]reexisting health conditions cannot be an extraordinary and compelling reason." (citing *United States v. Lemons,* 15 F.4th 747, 750 (6th Cir. 2021))). Compassionate release is not proper when the court took a defendant's medical condition (or age, for that matter) into account at sentencing.[3] *See Hunter*, 12 F.4th at 569 ("[I]dentifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments."); *see also Setser v.*

[3] The Sixth Circuit's interpretation of the statute controls here because it trumps the conflicting statement in § 1B1.13(e) that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment[, … and] the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." *See Hall*, 179 F.4th at 510.

*United States*, 566 U.S. 231, 243 (2012) (concluding that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing").

Mr. Porter's pre-sentence investigation report ("PSI") details his history of chronic obstructive pulmonary disease ("COPD"), asthma, abdominal aortic aneurysm, hepatitis C, seizures, high cholesterol, and hypertension, among other issues. (PSI ¶¶ 261–76, ECF No. 587; *see also* Resp., PAGEID # 6615.) His attorney further expressed concern at sentencing that his health and age made it unlikely that he would survive a lengthy term of imprisonment. (Tr. 61:11–62:19, ECF No. 671 ("Given … Mr. Porter's age [and] his health, it could well be that even the 15-year sentence that we're requesting will become a de facto death sentence. … But we do know that at 72, he's not going to get any younger. We know that he suffers from a number of health conditions[.] … Those aren't going to get better. They are only going to get worse.").) Still, after weighing those concerns and the health challenges outlined in the PSI, the Court found a 40-year sentence appropriate. (*See id.* at 80:15–82:21; ECF No. 631.) The Court was cognizant of the age and health-related issues that Mr. Porter identifies in support of his request for compassionate release and accounted for them when determining his sentence.

Even if Mr. Porter is now complaining of different or worsened health problems than those discussed at the time of his sentencing, they do not qualify as extraordinary and compelling reasons for release. Both § 1B1.13(b)(1)(B) and § 1B1.13(b)(1)(C) require that the particular medical or mental health condition be sufficiently serious. Section 1B1.13(b)(1)(B) encompasses medical circumstances

that "substantially diminish" a defendant's ability to "provide self-care within the environment of a correctional facility" and from which he "is not expected to recover." And, as mentioned above, § 1B1.13(b)(1)(C) covers medical conditions "that require[ ] long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

In this case, Mr. Porter uses a wheelchair, but he admits that he does not require assisted living or help with self-care tasks like bathing, walking, and toileting. (Mot., PAGEID # 6596); *see, e.g.*, *United States v. Jarvis*, No. 1:20-CR-00561-2, 2024 WL 3039952, at *1 (N.D. Ohio June 18, 2024) ("[N]othing in the record suggests that Jarvis cannot independently perform daily living tasks. So, Jarvis has not shown a diminished ability to provide self-care."). He has also received (and continues to receive) medical care from the Bureau of Prisons ("BOP") while incarcerated, including a surgical consultation, an angioplasty, and treatments for other conditions. (*See* Mot., PAGEID # 6604 (service notes from "federal penitentiary cardiology clinic").) Mr. Porter fails to show that his physical ailments have substantially diminished his ability to care for himself or are being neglected by the BOP, so he has not established that those ailments are extraordinary and compelling reasons for compassionate release.

Finally, § 1B1.13(b)(5) provides a "catch-all" for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [circumstances in §§ 1B1.13(b)(1)–(4)], are similar in gravity to [the circumstances in §§ 1B1.13(b)(1)–(4)]." The policy statement also explains that

"rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction … is warranted." § 1B1.13(d). Mr. Porter points to his religious awakening as an extraordinary and compelling reason. It is not. Assuming that he contends that his sobriety and religious affiliation amount to rehabilitation, that "alone does not provide a proper basis for relief." *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021); *see also Hall*, 179 F.4th at 515 (Nalbandian, J., concurring) ("[I]n this equation, we treat rehabilitation as an individual factor that can only be added to a separate, legitimate factor." (citation omitted)).

Mr. Porter has not demonstrated that any of his proffered reasons for release, standing alone or in combination, are extraordinary and compelling. Therefore, he is not entitled to compassionate release.

**B. The § 3553(a) factors weigh against compassionate release.**

Even if there existed an extraordinary and compelling reason to release Mr. Porter, he cannot prevail because the § 3553(a) factors do not support his release.

When evaluating a request for compassionate release, courts may consider the factors in § 3553(a), including, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentence disparities, and the need for the sentence imposed to reflect the seriousness of the offense and protect the public from further crimes. 18 U.S.C. §§ 3553(a)(1)–(7). Courts have "wide latitude" to deny compassionate release and "need not specifically articulate [their] analysis of every single § 3553(a) factor."

*Jones,* 680 F.3d at 1114 (citation modified); *United States v. Wright,* 991 F.3d 717, 719 (6th Cir. 2021).

The nature and circumstances of Mr. Porter's offenses are serious, to say the least. Mr. Porter pleaded guilty to physically and sexually abusing numerous minor and adult victims over a period of several years. (*See* ECF No. 498.) His criminal conduct is some of the most sickening and egregious behavior that the Court has ever seen. (*See also* Tr. 76:12–78:24 ("[T]his is a despicable case. … For more than seven years, Mr. Porter was operating a drug and sex trafficking operation. … Mr. Porter is a depraved predator … [and] it is clear that he has been operating as a predator for some years.").) The Court places great weight on the seriousness of his crimes. *See, e.g.*, *White*, 178 F.4th at 310–11 (upholding denial of compassionate release when lower court "found that [the § 3553(a)] factors weighed against White's early release because White's medical problems didn't nullify the underlying justifications for his sentence"); *Wright*, 991 F.3d at 719 (upholding denial of compassionate release based primarily on seriousness of defendant's murder and drug trafficking offenses).

Moreover, Mr. Porter has served only around 15% of his sentence, and nothing suggests that he would be any less of a danger to the public now than he was during the many years he was wreaking havoc and abusing those around him—indeed, as the Court recognized at sentencing, "[h]e only stopped because he was arrested." (Tr. 78:25–79:4.) To grant Mr. Porter's Motion would be to disregard the seriousness of his conduct and to expose the public to his dangerous antics.

Consequently, the § 3553(a) factors weigh heavily against any reduction in Mr. Porter's sentence.

## IV. CONCLUSION

For these reasons, Mr. Porter's Motion for Compassionate Release (ECF No. 731) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**